UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES, | ) Case No.: 1:11-cv-01827-LJO-BAM PC |
| Plaintiff, | ) FINDINGS AND RECOMMENDATIONS |
| v. | ) REGARDING DISMISSAL OF THIS ACTION AS BARRED BY RES JUDICATA |
| O. LOPEZ, et. al., | ) |
| Defendants. | ) OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Michael Gonzales ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action in Kings County Superior Court on March 4, 2011. (ECF No. 1, p. 2.) Those defendants served with the complaint removed the action to this court on October 28, 2011. (ECF No. 1.) Plaintiff's complaint is now before the Court for screening.

**I.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.     Plaintiff's Claims**

Plaintiff is currently incarcerated at California State Prison, Corcoran where the alleged events occurred.  Plaintiff names the following individuals as defendants:  O. Lopez, B. Buenafe (erroneously sued as Brandy Burf aka Saunders), G. Esquivel (erroneously sued as Esquilel), J. Leal, K. Matta, T. Campbell (erroneously sued as Cano), W. Seuell (erroneously sued as Seull), K. Price, G. Hernandez, A. Encinas, R. Hernandez, and E. Magallanes.

Plaintiff alleges as follows:  On October 26, 2010, Plaintiff attempted to obtain photo copies of three novels and ten ink drawing as exhibits.  Plaintiff tried to mail his original art to use in his civil case, but Defendants Lopez and Saunders/Burf prevented Plaintiff from mailing the package.  These defendants allegedly had motive to steal Plaintiff's art as retaliation because Defendant Lopez had accused Plaintiff of assault and Plaintiff had just filed a lawsuit against Defendant Saunders.  (ECF No. 1, p. 7.)

Defendants Hernandez, Esquivel and Leal denied Plaintiff the opportunity to correspond with family and friends and organizations that sell or buy his art.  Defendants are stopping Plaintiff from doing business and are giving his art to other inmates.  On November 14, 2010, Defendant Hernandez stole three drawings.  On September 22, 2010, Defendant Leal stole 7 drawings and 2 books and Defendant Esquivel stole one book and two drawings.  Plaintiff alleges that these same kinds of mailings have been stolen repeatedly since he has been in his cell at Corcoran State Prison.  Plaintiff claims that he is a professional artist.  (ECF No. 1, p. 8.)

Plaintiff further alleges that on December 3, 2010, Defendant R. Cortez told the property officer to steal Plaintiff's package.  Property officer John Doe was delivering mail items that day.  Plaintiff also alleges that Defendant K. Matta opened his legal mail in retaliation for filing lawsuits against staff and that Defendant Hernandez stole 20 stamps on November 14, 2010.  (ECF No. 1, pp. 8-9.)  On December 3, 2010, Defendant C. Hernandez sent Plaintiff's legal mail addressed to the Kings County Superior Court for filing a claim to a different inmate.  On February 6, 2011, Plaintiff attempted to mail two drawings and a card, but Officer Nunez tore the envelope in half.  (ECF No. 1, p. 10.)

Plaintiff claims that these defendants are retaliating against him for filing lawsuits. Plaintiff seeks compensatory and punitive damages, along with declaratory and injunctive relief.

**III.     Discussion**

Plaintiff alleges that his rights have been violated by destruction and confiscation of his mail and artwork by officers at Corcoran State Prison between October 2010 and February 2011 in retaliation for pursuing lawsuits against correctional staff. These claims are duplicative of Plaintiff's claims in Gonzales v. J. Leal, et al., 1:10-cv-02154-AWI-MJS and are barred by the doctrine of res judicata. See Arizona v. California, 530 U.S. 392, 412, 120 S.Ct. 2304, 147 L.Ed.2d 374 (2000) (district court has the power to dismiss an action sua sponte on res judicata grounds); McClain v. Apodaca, 793 F.2d 1031, 1032-33 (9th Cir.1986) (federal court may examine res judicata effect of prior judgment sua sponte). Res judicata, or claim preclusion, prohibits lawsuits on "any claims that were raised or could have been raised" in a prior action. Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001). Res judicata applies when there is "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." Id.

A. Identity of Claims

"Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." Western Sys., Inc. v. Ulloa, 958 F.2d 864, 871 (9th Cir. 1992). In applying the transaction test, the Court examines the following criteria:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982). "The last of these criteria is the most important." Id. at 1202.

Prior to initiating the instant action, Plaintiff pursued claims for interference with mail and retaliation against Defendants J. Leal, G. Hernandez, and R. Cortez arising out of Defendants' alleged

3

confiscation and/or destruction of his mail in Gonzales v. J. Leal, et al., 1:10-cv-02154-AWI-MJS.[1] In that action, Plaintiff filed a Second Amended Complaint on January 9, 2012, alleging that Defendants had interfered with his mail from 2006 to the present day. On February 27, 2012, the Magistrate Judge issued Findings and Recommendations that (1) Plaintiff's claims for interference with his mail be dismissed as barred by the doctrine of res judicata based on Gonzales v. Fresura, et al., 1:07-cv-00565, in which Plaintiff alleged that correctional officers at Corcoran State Prison had stopped his mail, including his art drawings, from leaving the facility and had stopped his mail to the court; and (2) Plaintiff's retaliation claims be dismissed for failure to state a claim upon which relief could be granted.[2] On August 3, 2012, the District Court adopted the Findings and Recommendations in full, dismissing Plaintiff's claims, with prejudice, for failure to state a claim under § 1983 and as barred by the doctrine of res judicata.

The instant action and the action entitled Gonzales v. J. Leal involve nearly identical questions of law. Indeed, both actions involve allegations of infringement of the same rights, namely interference with mail and retaliation. The two actions also involve the same time period, many of the same defendants and a nearly identical transactional nucleus of facts, i.e., destruction and confiscation of his mail (including art) by officers at Corcoran State Prison. The Court therefore finds an identity of claims.

B. Final Judgment on the Merits

The court in Gonzales v. J. Leal dismissed the action with prejudice for failure to state a claim and as res judicata of a prior action. The phrase "final judgment on the merits" is often used interchangeably with "dismissal with prejudice." Stewart v. U. S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002). The Court therefore finds that Plaintiff's claims were adjudicated on the merits in Gonzales v. J. Leal.

---

[1] The Court properly may take judicial notice of court filings. See Reyn's Pasta Bella, LLC v. Visa USA, Inc. 442 F.3d 741, 746 n. 6 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

[2] The Court in Gonzales v. J. Leal also took judicial notice of **twenty-five other civil suits** filed by Plaintiff, many of which contained allegations similar to those at issue here. See, e.g., Gonzales v. Galaza, 1:00-cv-06959-OWW-SMS (alleging that prison officials were stealing his mail and drawings) and Gonzales v. Calderon, 1:01-cv-05916-OWW-LJO (alleging that his incoming and outgoing mail had been withheld and he was being retaliated against).

### C. Identity or Privity Between Parties

Both the instant action and <u>Gonzales v. J. Leal</u> involved allegations against the same defendants; that is, Defendants J. Leal, G. Hernandez and Cortez. However, the instant action includes several additional defendants that were not parties to the prior action. In applying privity in the res judicata context, federal courts will bind a non-party whose interests were represented adequately by a party in the original suit. In re Schimmels, 127 F.3d 875, 881 (9th Cir. 1997). The interests of non-parties Lopez and Saunders were adequately represented in the prior suit. This is true because their liability derives from the same constitutional violations allegedly committed by Defendants Leal, Hernandez and Cortez at Corcoran State Prison. The Court therefore finds that there was sufficient privity so that the res judicata bar extends to the claims alleged against Defendants Lopez and Saunders in the instant action. Plaintiff also has named additional defendants (Cano, Matta, Seull, Esquivel, Price, Encinas, R. Hernandez, and Magallanes) that were non-parties to the prior action, but has not expressly linked them to any alleged constitutional violation. As it appears Plaintiff is attempting to impose liability against these defendants based on the same or derivative constitutional violations as Defendants J. Leal, G. Hernandez and Cortez, the Court finds that there is sufficient privity so that the res judicata bar extends to these additional defendants.

### IV. Conclusion and Recommendation

For the reasons stated, it is HEREBY RECOMMENDED that this action be DISMISSED with prejudice as barred by res judicata.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991)

IT IS SO ORDERED.

Dated: **October 10, 2013**         /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE

5