UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES,<br><br>         Plaintiff,<br><br>    v.<br><br>O. LOPEZ, et al.,<br><br>         Defendants. | Case No.: 1:11-cv-01827-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S OBJECTIONS TO DISMISSAL OF CASE<br>(ECF No. 27)<br><br>ORDER DIRECTING PROCESSING OF APPEAL |

**I.     Background**

Plaintiff Michael Gonzales ("Plaintiff"), a state prisoner, proceeded pro se and in forma pauperis in this closed civil rights action pursuant to 42 U.S.C. § 1983. On October 10, 2013, the Magistrate Judge issued Findings and Recommendations that the action be dismissed with prejudice as barred by the doctrine of res judicata. The findings and recommendations were served on the parties and contained notice that any objections were to be filed within thirty days of service. (ECF No. 16.)

On December 23, 2013, Plaintiff filed a motion requesting an extension of time to file his objections to the findings and recommendations. Plaintiff's motion was dated and delivered to prison officials for mailing on December 19, 2012. (ECF No. 21.)

On December 26, 2013, Plaintiff filed objections to the findings and recommendations. Plaintiff's objections were dated and delivered to prison officials for mailing on December 23, 2013. (ECF No. 22.) Due to the filing of Plaintiff's objections, the Magistrate Judge granted Plaintiff's

1

1 pending motion for an extension of time to file his objections nunc pro tunc on December 31, 2013.
2 (ECF No. 23.)
3      Thereafter, on January 2, 2014, the undersigned, after considering Plaintiff's objections,
4 adopted the findings and recommendations and dismissed this action with prejudice as barred by the
5 doctrine of res judicata.  (ECF No. 24.)
6      On January 15, 2013, Plaintiff filed the instant objections to dismissal of this action.  (ECF No.
7 27.)  The Court construes Plaintiff's objections as a request for reconsideration of the dismissal of this
8 action.  A response to the motion is unnecessary and the matter is deemed submitted.  Local Rule
9 230(l).

10      **II.**     **Discussion**

11      "A motion for reconsideration should not be granted, absent highly unusual circumstances,
12 unless the district court is presented with newly discovered evidence, committed clear error, or if there
13 is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH
14 & Co., 571 F.3d 873, 880 (9th Cir.2009) (internal quotations marks and citations omitted).  "A party
15 seeking reconsideration must show more than a disagreement with the Court's decision, and
16 recapitulation ..." of that which was already considered by the Court in rendering its decision.  U.S. v.
17 Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal.2001). To succeed, a party must set forth
18 facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern–
19 Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal.1986), affirmed in part and
20 reversed in part on other grounds, 828 F.2d 514 (9th Cir.1987).  Additionally, pursuant to this Court's
21 Local Rules, when filing a motion for reconsideration, a party must show what "new or different facts
22 or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or
23 what other grounds exist for the motion."  Local Rule 230(j).
24      In the present objections, Plaintiff states that he was given an extension of time to file his
25 objections to the findings and recommendations and that he only sent in his "possible objections" in
26 the event his extension of time was not granted.  Plaintiff appears to be objecting to the Court's
27 consideration of his "possible objections," which were filed on December 26, 2013.
28

The Court does not find any basis to extend the time or otherwise reconsider Plaintiff's objections. There is nothing in Plaintiff's December 26, 2013 objections indicating that they were being filed only in the event that Plaintiff's extension of time was denied. That Plaintiff improvidently filed his objections is not grounds for reconsideration. Moreover, Plaintiff's instant objections do not present any grounds, facts or law that were unavailable earlier in these proceedings or that would warrant reconsideration of the Court's dismissal of this action as barred by the doctrine of res judicata. Indeed, there is nothing in the instant motion that sets forth any disagreement with the findings and recommendations. Accordingly, Plaintiff's request for reconsideration shall be denied.

In the alternative, Plaintiff requests that his objections be considered a notice of appeal. Plaintiff's request shall be granted and the Clerk of the Court will be directed to process his appeal.

### III. Conclusion and Order

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for reconsideration of the Court's order on the Magistrate Judge's findings and recommendations is DENIED;
2. Plaintiff's request that his objections, filed on January 15, 2014, be considered a notice of appeal is GRANTED; and
3. The Clerk of the Court is directed to process Plaintiff's appeal to the Ninth Circuit.

IT IS SO ORDERED.

Dated: **January 21, 2014**          /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE